MITCHELL v. DUKE.

(Circuit Court, E. D. Pennsylvania. January 24, 1905.)

No. 24.

BROKER—COMMISSIONS—VALIDITY OF CONTRACT.

Evidence *held* to sustain the validity of a contract by which plaintiff was to receive a commission on a sale of property by defendant, and to support a finding by the jury that a time limit in the contract had been waived by defendant.

At Law. On motion for new trial, and for judgment notwithstanding the verdict.

Joseph H. Taulane and Thomas Earle White, for plaintiff.

Keator & Johnson and J. S. Freeman, for defendant.

J. B. McPHERSON, District Judge. A review of the evidence in this case has satisfied me that the plaintiff was at liberty to make the contract in question. He was known by the defendant at that time to be the agent for another principal, and the defendant's interests were in no way harmed or endangered by the double employment. All that the plaintiff was to do, as is clearly shown by the whole correspondence, was to bring the parties together. After they met, the whole affair was transacted, and the final agreement was made by themselves, the plaintiff having nothing further to do with the terms. Whether the time limit was waived, was a question of fact which the jury have found against the defendant upon ample evidence. He certainly regarded himself on April 17th as still bound to pay the $2,200 upon a sale of the property, for upon that date his representative wrote as follows: "When the plant is sold, Mr. D. will give you the amount of commission agreed upon. That part is settled and you need not worry over it." Evidently there was no thought then that the expiration of the 10 days had made any difference.

The motions for a new trial and for judgment notwithstanding the verdict are refused, and to the refusal of the motion for judgment an exception is sealed in favor of the defendant.